STEPHEN T. STRATTAN, Assignee, etc.

v.

WILLIAM D. TABB.

</div>

1.  PARTNERSHIP—ASSIGNMENT FOR BENEFIT OF CREDITORS—RELATIVE RIGHTS OF PARTNER AND CREDITORS.—Upon an assignment of a partnership for the benefit of creditors, an individual partner cannot prove a claim against the joint estate in competition with the creditors of the firm,

and thereby take part of the fund to the prejudice of those who are not only creditors of the firm, but of himself.

2.   CLAIM OF PARTNER FOR SERVICES.—Independent of a special agreement therefor, one partner cannot recover from the partnership estate compensation for services rendered by him in the partnership business; and if such an agreement is made and no price fixed, he can recover only so much as his services are reasonably worth.

3.   CONTRIBUTION TO CAPITAL STOCK CANNOT BE WITHDRAWN BY ONE PARTNER.—The interest of each partner in the partnership property is his share of the surplus after the partnership debts are settled, and when a firm becomes insolvent the joint creditors have a primary claim.   So one partner cannot be allowed to take from the firm property goods to a large amount for his own use, and as against the general creditors of the firm, set off his contribution to the capital stock against a claim for the value of goods so taken.

4.   ACCOUNTS BETWEEN PARTNERS—JURISDICTION OF COUNTY COURT UNDER THE LAW RELATING TO ASSIGNMENTS.—A claim by one partner for compensation for services is properly presented in an action of account between the partners; but it would seem that when the county court has acquired jurisdiction of a partnership estate under the law relating to assignments for the benefit of creditors, it has power to hear and adjust such a claim according to equitable principles.

ERROR to the Circuit Court of Jefferson county; the Hon. WILLIAM C. JONES, Judge, presiding.   Opinion filed April 7, 1881.

Messrs. PATTON & WATSON and Mr. C. T. STRATTAN, for plaintiff in error; that it is never too late to raise the question of jurisdiction, cited Ginn v. Rogers, 4 Gilm. 131; Peak v. The People, 71 Ill. 278.

Messrs. GREEN & GREEN and Mr. SETH F. COHRS, for defendant in error; that one partner may recover upon a special contract against his co-partners, cited Parsons on Partnership, 230; Paine v. Thatcher, 25 Wend. 450; Weaver v. Upton, 7 Ired. 458.

The jury are the sole judges of the weight to be given to the testimony of a witness; and when the testimony is conflicting the court will not disturb the verdict: Dickerson v. Sparks, 17 Ill. 178; Town of Havana v. Biggs, 58 Ill. 483; Town of Lewiston v. Proctor, 27 Ill, 414; Bourne v. Stout, 62 Ill. 261; Sturman v. Streamer, 70 Ill. 188; Paton v. Stewart, 78 Ill. 481; Crabtree v. Reid, 50 Ill. 206; Carter v. Gunnels, 67 Ill. 270.

Strattan v. Tabb.

The county court had jurisdiction to try this question, having jurisdiction of the subject-matter: Hanks v. Baber, 53 Ill. 292.

WALL, P. J.   The mercantile firm of Hobbs, Tabb & Haynes, made a voluntary assignment for the benefit of creditors.   The assignee reported among others the claim of the defendant in error, who was one of the partners, for services rendered to the firm.   Exceptions were filed to this claim and upon a hearing in the county court the claim was disallowed. An appeal was taken to the circuit court and upon a trial by jury the claimant was allowed the sum of $1,650, and a motion for new trial being overruled judgment was rendered accordingly.   The case is brought here by the assignee.   A question is made as to the jurisdiction, it being urged that this is a controversy between partners, and that a court of equity is the only tribunal competent to settle it.   On the other hand it is insisted that the facts show such a case as would enable the claimant to recover in a court of law.   The evidence shows that each member of the firm was equally interested in the stock, and that the claimant had general charge of the business giving it his whole time and attention while the other partners gave their attention mainly to other pursuits. This would not give claimant a right to special compensation unless there was an agreement to that effect, and he offers evidence tending to prove such an agreement though the amount of his compensation was not, according to his own statement, fixed by the supposed agreement ; and therefore his demand if a just one, was for the reasonable value of his services.   There was no settlement by the parties, no balance agreed on, in fact, as has been said, the price to be paid never determined, and whatever may be due the claimant must depend upon an investigation of all his accounts with the firm.   A court of law will not ordinarily undertake such an investigation, but the matter is one cognizable in a court of equity where ample and complete justice may be done;  but this proceeding is under a special statute vesting jurisdiction in the county court to adjust the estates of those who may make voluntary assignments

for the benefit of creditors, and while the statute does not divest courts of equity of jurisdiction in such matters, it may be that a fair construction of the act would authorize the county court to hear and determine all claims of whatever character, and adjust them according to equitable principles.

Assuming, then, without expressly deciding, that there was jurisdiction, let us inquire whether the claimant has a right to assert this as an absolute demand against the estate of the partnership. Each partner put into the concern one-third of the cost of the original stock, which was purchased from one Taylor for the sum of $8,113. The claimant took out goods at various times amounting in the aggregate to $2,125.69, and the assignee insists that this is a proper set-off against the claim of $1,650 for services rendered to the firm. To this set-off the claimant objects, because he says he put more than that amount into the business, and that on those two items there is a balance in his favor. This assumes that the amount put into the concern by the partners may be drawn out by them and retained before the partnership debts are paid, and if the position is correct the entire stock in trade might be exhausted to satisfy the individual demands of the partners before the firm creditors are paid. Such, however, is not the law. The interest of each partner in the partnership property is his share of the surplus after the partnership debts are settled, and when a firm becomes insolvent the joint creditors have a primary claim upon the joint fund. 3 Kent's Com. 37, 77. No one partner has any share or right in the partnership property except what remains thereof after the full discharge and payment of all debts and liabilities of the partnership, and each partner has a right to have the same applied to the due discharge of all such liabilities before any of the partners or his personal representative can claim any right thereto. It is a clear and well established rule that the individual partner cannot prove a claim against the joint estate in competition with the creditors of the firm, who are in fact his own creditors, and thereby take part of the fund to the prejudice of those who are not only creditors of the partnership but of himself. Story on Partnership, §§ 97, 390, 391; Gow on Partnership, page 290, 291.

If after the partnership debts are all paid there is a surplus, it belongs to the partners, and if by reason of the alleged contract the claimant has a proper demand, he may enforce its payment out of the surplus, but he cannot urge it as a general charge against the estate to be paid *in pari passu*, with the demands of the partnership creditors. The judgment in this case is general for the amount of the verdict, and is to be certified to the county court for "payment in due course of settlement by the assignee," and if so enforced would place the claimant on an equal footing with the creditors of the firm. He is not entitled to such a standing in the settlement of the estate, and the judgment is therefore erroneous. It is reversed, and the cause is remanded.

<div align="right">Reversed and remanded.</div>